```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ADHY ADVISORS LLC,

                    Appellant,         E.D. Bankr. Case
                                       No. 8-12-75455(DTE)
        -against-
                                       MEMORANDUM & ORDER
SHEBA REALTY CORP.,                    14-CV-3452(JS)

                    Appellee.
----------------------------------X
APPEARANCES
For Appellant:    Richard Joel Pilson, Esq.
                  Berliner & Pilson
                  40 Cuttermill Road, Suite 308
                  Great Neck, NY 11021

For Appellee:     Kevin J. Nash, Esq.
                  Ted J. Donovan, Esq.
                  Goldberg Weprin Finkel &
                     Goldstein LLP
                  1501 Broadway, 22nd Floor
                  New York, NY 10036
```

SEYBERT, District Judge:

Before the Court is an appeal filed by ADHY Advisors LLC ("Appellant") arising out debtor Sheba Realty Corp.'s ("Appellee") Chapter 11 bankruptcy action in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). Appellant specifically appeals from the Bankruptcy Court's Memorandum of Decision, dated March 27, 2014, which denied Appellant's claim for default interest (the "March 27th Decision"). Appellee moves to dismiss the appeal as untimely under Federal Rule of Bankruptcy Procedure 8002. (Docket Entry 3.) Appellant has not opposed Appellee's motion

to dismiss. For the following reasons, Appellee's motion to dismiss is GRANTED.

## DISCUSSION

The Federal Rules of Bankruptcy Procedure govern the appeal of a bankruptcy court order. Under Rule 8002, a "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from," FED. R. BANKR. P. 8002(a), although under Rule 8002(c), a bankruptcy judge may extend the time for filing the notice of the appeal upon a "written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect," FED. R. BANKR. P. 8002(c)(2).

The fourteen-day time limit under Rule 8002(a) "is jurisdictional, and . . . in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate excusable neglect." In re Mark IV Indus., Inc., 558 F. App'x 135, 137 (2d Cir. 2014) (ellipsis in original) (internal quotation marks and citation omitted).

Here, the deadline for the filing of a notice of appeal from the March 27th Decision was April 10, 2014. Appellant did not file its Notice of Appeal until April 29,

2014, thirty-three days after entry of judgment. Appellant also has not filed a motion for an extension of time within the required time limits under Rule 8002(c)(2). The Notice of Appeal is therefore untimely and this Court lacks jurisdiction to entertain this appeal. See Clark v. DeRosa, No. 13-CV-3451, 2013 WL 4851711, at *1 (E.D.N.Y. Sept. 10, 2013).

Appellant appears to argue in its Notice of Appeal that its time to appeal has not started to run since, according to the Notice of Appeal, "no Notice of Entry [of the March 27th Decision] has of yet been served by the Clerk or any other party. Nor has any Order or Judgment been signed." (Docket Entry 1.) However, with respect to the apparent lack of notice of entry, Federal Rule of Bankruptcy Procedure Rule 9022(a) provides that "[l]ack of notice of entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." FED. R. BANKR. P. 9022(a). "'[T]he prospective appellant [has] the duty of following the progress of the action and advising himself when the court makes an order he wishes to protest.'" In re Taylor, No. 08-CV-2833, 2008 WL 4107184, at *1 (E.D.N.Y. Aug. 29, 2008) (second alteration in original) (quoting In re O.P.M. Leasing Servs., Inc., 769 F.2d 911, 917 (2d Cir. 1985)). "'Notification by the clerk is merely for the convenience of litigants. And lack of such notification

3

in itself has no effect upon the time for appeal.'" Id. (quoting In re Hilliard, 36 B.R. 80, 83 (S.D.N.Y. 1984)). Additionally, Appellant's statement that the Bankruptcy Court did not sign an order or judgment is incorrect. A separate order for the March 27th Decision was entered on the Bankruptcy Court docket the same day as the March 27th Decision. (See Donovan Decl., Docket Entry 3, Ex. A at 17.[1]) The Court therefore rejects the contentions set forth in the Notice of Appeal.

Accordingly, Appellee's motion to dismiss this appeal for lack of jurisdiction is GRANTED.

## CONCLUSION

For the foregoing reasons, Appellee's motion to dismiss is GRANTED. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   November   28  , 2014
         Central Islip, New York

---

[1] This number refers to the page number generated by the Electronic Case Filing system.

4